UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK PHILLIPS and LaTOYA PHILLIPS,

       Plaintiffs,

Case No. 11-10463

Honorable John Corbett O'Meara

v.

THE KROGER COMPANY,

       Defendant.

_____/

## OPINION AND ORDER
## DENYING PLAINTIFFS' MOTION FOR CERTIFICATION AS A CLASS

This matter came before the court on plaintiffs Mark and LaToya Phillips' August 27, 2012 motion to certify class. Defendant The Kroger Company ("Kroger") filed a response October 9, 2012; and Plaintiffs filed a reply brief October 23, 2012. Following oral argument November 8, 2012, Plaintiffs filed a supplemental brief November 14, 2012, to which Defendant responded November 16, 2012.

### BACKGROUND FACTS

Plaintiffs Mark and LaToya Phillips allege that their German Shepard "Charlie" was rendered ill and died as a result of consuming Old Yeller brand dog food manufactured and sold by defendant Kroger. Plaintiffs seek to certify a class of pet owners who have allegedly sustained damages as a result of their pets' consumption of dog food subject to Kroger's recall.

### LAW AND ANALYSIS

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, prosecution of litigation by class action is proper in the following circumstances: 1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law and fact common to all members of the class

that predominate over questions affecting only individual members; 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; 4) the representative parties will fairly and adequately assert and protect the interests of the class; and 5) maintenance of the action as a class will be superior to other available methods of adjudication in promoting the convenient administration of justice.

As to the numerosity requirement, Plaintiffs claim that 68,313 bags of dog food were subject to Kroger's December 18, 2011 recall. Plaintiff asserts, "it would be an enormous and laborious task to join each and every one of these potential class members in a single action. The massive number of potential class members is so numerous as to make joinder of all parties impractical and inefficient." Plaintiffs' br. at 8. However, Plaintiffs have provided the 68,313 number without any indication of how many of those bags were actually sold. Furthermore, there is no showing regarding the number of customers who purchased bags of dog food that were contaminated with aflatoxin nor the number of customers whose pets sustained injury because of the contamination.

Also, in this case Kroger recalled all of the pet food that could have been contaminated. In Kroger's settlement program, administered by Sedgwick, a third-party claims administrator, Kroger announced a recall, notified customers on cash register receipts, and made robo calls to Kroger loyalty cardholders who purchased any of the affected pet food products, regardless of whether those purchases involved recalled products with the subject sell-by dates of October 23 and 24, 2011.

Sedgwick set up individual customer claims accounts in Juris, its electronic claims data system. A team of claims examiners then contacted Kroger customers identified in the individual claims files. Of the 604 customer files assigned to the claims examiners, they were able to work through 92% of the files. Of the 557 files on which customer contact was attempted, the examiners

made contact with 46% of them. Of the 256 customers contacted, the examiners were able to resolve 80% of those files. Three months after the recall, Sedgwick continued to contact Kroger customers and to respond to inquires and resolve claims. Kroger contends that as of April 8, 2011, only four pet food recall claims remained unresolved; and as of January 31, 2012, only two claims–including that of the Phillipses–remained unresolved. As of that date, 614 claims had been paid. Therefore, the court finds that Plaintiffs fail to meet Rule 23's numerosity requirement.

The second factor requires consideration of the relative uniformity of facts and law that will be presented by the members of the proposed class. In this case, the required uniformity is lacking, as the degree of injury will be case-specific. Not all pets that consumed the contaminated food died, and those that experienced illness presumably would not have suffered injuries of the same severity and duration.

For the same reason, the third factor is difficult to establish here. The Phillipses' claims are not typical of the claims of the class, as there is no evidence regarding how many animals died. Even in the case of Plaintiffs' pet, they have presented no evidence of the cause of their dog's death, only speculation that it was a result of eating Kroger's contaminated pet food. Likewise, Plaintiffs will not be able to fairly and adequately assert and protect the interests of the class because they lack evidence that they purchased pet food with the recalled code dates or that their dog died as a result of exposure to aflatoxin from the consumption of Kroger pet food. No necropsy or post-mortem analysis of the dog was performed, and Plaintiffs have not submitted evidence of a veterinary doctor who has expressed an opinion that the dog died as a result of consuming contaminated food.

Finally, maintenance of the action as a class is not superior to other available methods of adjudication in promoting the convenient administration of justice in this matter. Because so many

in the putative plaintiff class have resolved their claims through Kroger's claims process, it appears as though as few as only two cases remain unresolved.

## ORDER

It is hereby **ORDERED** that Plaintiffs' August 27, 2012 motion to certify class is **DENIED.**

                                                   s/John Corbett O'Meara
                                                   United States District Judge

Date:  March 14, 2013

       I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, March 15, 2013, using the ECF system.

                                                   s/William Barkholz
                                                   Case Manager